UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TERRELL HARRIS

    INDEX NO.:

                       Plaintiff,

                                                                       COMPLAINT AND
    - against -                                         JURY DEMAND

SUFFOLK COUNTY, POLICE OFFICER JOSEPH S.
CLEMENTS, POLICE OFFICER KALL, POLICE
OFFICER REYES and JOHN DOE POLICE OFFICERS
1-10, the name "doe" being fictitious and intended to
represent those officers involved in the assault battery,
abuse, detention, false arrest and deprivation of rights
of plaintiff,

                       Defendants.
----------------------------------------------------------------X

Plaintiff, by his attorneys, *The Law Offices of* MICHAEL P. MANGAN LLC., for his Complaint against the Defendants, allege, at all times material herein, that:

### PRELIMINARY STATMENT

1) This action is brought pursuant to 42 United States Code Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to New York State Tort law and the New York State Constitution.

2) This claim arose from an incident that occurred on or about November 26, 2005, when Suffolk County Police Officers acting under color of law, intentionally subjected plaintiff to assault and battery, or failed to intervene while others did so, falsely arrested and imprisoned plaintiff and subsequently denied plaintiff certain medical attention.

3) Plaintiff seeks monetary damages (compensatory, special and punitive) against defendants , as well as an award of costs and attorneys fees, and such further relief as the Court deems just and proper.

### VENUE AND JURISDICTION

4) Jurisdiction is founded on the existence of a Federal question arising under 42 U.S.C. §§ 1983, 1988, and 28 U.S.C. § 1331, and the Fourth and Fourteenth Amendments and as

hereinafter more fully appears.

5) The amount in controversy exceeds $75,000.00 excluding interest and costs.

6) Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## PARTIES

7) Plaintiff TERREL HARRIS is and was a resident of the State of New York, and of the United States of America.

8) Defendant COUNTY OF SUFFOLK (the "County") is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant police officers.

9) Defendant Police Officer Joseph S. Clements at all times relevant was a police officer employer of the County and was acting under color of law. Defendant Clement is being sued in his personal and official capacities.

10) Defendant Police Officer Reyes at all times relevant was a police officer employer of the County and was acting under color of law. Defendant Clement is being sued in his personal and official capacities.

11) Defendant Police Officer Kall at all times relevant was a police officer employer of the County and was acting under color of law. Defendant Clement is being sued in his personal and official capacities.

12) All defendant John Doe Police Officers 1-20 (referred to collectively as the "police officers") were at all relevant times police officers employed by the County and are sued in their individual and official capacities.

## NOTICE OF CLAIM

13) Plaintiff filed a timely written Notice of Claim with Suffolk County Office of the Comptroller.

## FACTS

14) On or about November 26, 2005, plaintiff was present outside of the Fusion Nightclub in

Brookhaven, at the intersection of Route 112 and Peconic Avenue at approximately 1:00 am., plaintiff was confronted and physically threatened by unknown persons outside gathering outside of the Fusion Nightclub.

15) Plaintiff, without cause or reason was then struck on the back of the head by a hard object. Upon information and belief, plaintiff was struck on the back of the head by an unidentified Suffolk County Police Officer.

16) Plaintiff immediately extricated himself from the area where he had been surrounded and struck, by crossing the road directly in front of the Fusion Nightclub, which, upon information and belief, is Route 112.

17) Once on the other side of the road, plaintiff turned and noticed that several Suffolk County Police Officers were approaching him.

18) Plaintiff immediately thereafter submitted to the Suffolk County Police officers, without resistance, and was beaten and kicked on the head, face, back, neck, arms and legs.

19) Plaintiff was then handcuffed and placed in a County Police car.

20) Plaintiff was transferred to a Suffolk County Police station, and was held under arrest until the following day.

21) After being released from Suffolk County Police custody, plaintiff went with his family to Brookhaven Memorial Hospital for tests and treatment.

22) Plaintiff suffered several physical injuries from the beating he received by Suffolk County Police Officers including lacerations on the face, head, and inside the mouth, abrasions to the back, arms, neck, head, and arms.

23) In addition, plaintiff suffered humiliation and deprivation of his Civil Rights at the hands of the Suffolk County Police officers who beat and falsely arrested plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION

24) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

25) Defendant police officers physically threatened plaintiff both on November 26, 2005, such that Plaintiff was in apprehension of immediate harmful and offensive touching.

26) Defendant County failed to properly prevent the acts of police officers by failing to implement adequate policies to prevent these acts, by failing to properly train, failing to properly supervise, and by failing to properly discipline those defendants who assaulted plaintiff.

27) Defendants are liable for said damage and injuries under the tort laws of the State of New York in the amount of One Million ($1,000,000) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

28) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

29) Defendant police officers physically battered, struck and injured plaintiff on November 26, 2005 while plaintiff was in defendants' custody or being transferred, such that Plaintiff was savagely beaten and needed treatment at Brookhaven Memorial Hospital, without receiving adequate medical treatment while he was in defendants' custody.

30) Defendant County failed to properly prevent the acts of police officers by failing to implement adequate policies to prevent these acts, by failing to properly train, failing to properly supervise, and by failing to properly discipline those defendants who battered, struck and beat plaintiff.

31) Defendants are liable for said damage and injuries pursuant to Tort law of the State of New York in the amount of One Million ($10,000,000) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

32) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

33) Plaintiff was bleeding, incoherent due to the beating he suffered, and in obvious pain while in the defendants' custody, however, defendants failed to bring plaintiff to a hospital. Defendants actions were intentional or amounted to deliberate indifference because they knew of plaintiff's conditions, treatment and medications were available, and treatments and medications were denied to plaintiff.

34) Defendants are liable for said damage and injuries pursuant to Tort law of the State of New York in the amount of One Million ($1,000,000) Dollars

4

## AS AND FOR A FOURTH CAUSE OF ACTION

35) Plaintiff reallages the facts stated in all paragraphs above as if stated fully herein.

36) Defendants police officers engaged in and subjected plaintiff to immediate harmful and offensive touching, battered him and deprived him of medical treatment, in amounts and kinds and degrees which is shocking and outrageous causing plaintiff severe physical and mental distress.

37) Defendants have deprived plaintiff of his civil constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. § 1983 and the New York State Constitution.

38) Plaintiff was damaged by defendants' intentional infliction of emotional distress in the amount of One Million ($1,000,000) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

39) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

40) Defendants, acting under color of law, violated plaintiff's rights pursuant to sections 6 & 12 of the New York State Constitution.

41) Plaintiff has been damaged as a result of the defendants' wrongful acts in the amount of One Million ($1,000,000) Dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION

42) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

43) Defendant police officers' intentional tortious acts were undertaken with the scope of their employment by Defendant County and in furtherance of the County's interest, and the County is liable under respondeat superior for the acts of its employees.

44) As a result of defendant police officers tortious conduct in the course of their employment and in furtherance of the business of the County, plaintiff was injured was injured in the amount of One Million ($1,000,000) Dollars.

## AS AND FOR A SEVENTH CAUSE OF ACTION

45) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

46) Defendant police officers maliciously applied unnecessary and wanton infliction of pain against plaintiff for the sole purpose of causing plaintiff pain.

47) Defendants caused plaintiff great pain and physical, emotional, mental and constitutional injuries.

48) Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from the use of excessive force in the police action against him, pursuant to the Fourth, and Fourteenth Amendments of the United States Constitution and under 42 U.S.C. § 1983, and the New York Constitution.

49) Plaintiff was damaged by defendant police officers' malicious and intentional acts in the amount of One Million ($1,000,000) Dollars.

## AS AND FOR A EIGHTH CAUSE OF ACTION

50) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein

51) Defendant County, is liable for the damages suffered by plaintiff as a result of the conduct of its employees, agent and servants and others, who have been named as defendant police officers, or whose names are currently unknown.

52) Defendants County knew or should have known that its agents, employees and servants had a propensity to engage in the illegal and unlawful acts detailed above. There have been other incidents of this type from other lawsuits and grievances, including savage beatings or malicious use of force, deprivation of medical needs, and the wanton use of force. The County has failed to properly protect its citizens from these abuses, have failed to properly and adequately train its police officers and has failed to supervise and discipline its police officers in such a way as to prevent these harms. Despite such notice, the County has failed to take corrective action. The failure caused the harms and violations of plaintiff's constitutional rights.

53) These failures include the failure to investigate misconduct, to train, supervise and

otherwise correct improper and illegal conduct.

54) These failures reflect custom and policies and a deliberate indifference towards plaintiff by the County and violate plaintiff's rights under the Fourth, and Fourteenth Amendments of the United States Constitution and under 42 U.S.C. § 1983, and the New York Constitution.

55) Plaintiff has been damaged as a result of the wrongful, malicious and illegal acts of the County in the amount of One Million ($1,000,000) Dollars.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(a) In favor of plaintiff in the amount of One Million ($1,000,000) Dollars for each claim alleged above;

(b) Punitive damages in the amount of One Million ($1,000,000.00) dollars;

(c) reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988; and

(d) such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       November 27, 2006

Respectfully Submitted,
*The Law Offices of*
**MICHAEL P. MANGAN LLC**

By: Michael P. Mangan (MM-5773)
*Attorneys for Plaintiff*
80 Wall Street, Suite 1214
New York, NY 10005
(212) 248-2171

7